BARRETT, J.
—In the present case the forms of law were fully complied with by the commissioners. Mr. Seery was duly informed of the cause of his proposed removal, and was afforded a proper opportunity for explanation. The question, therefore, is whether the cause assigned was substantial People v. Thompson, 94 N. Y. 451. Mr. Seery was the head of the bureau of combus tibles, in the fire department of the city of New York, and his official title was “ Inspector of Combustibles.” Under the rules of the department, this inspector was directly tesponsible for the proper conduct and management of his bureau. He was given the control and direction of all the clerks and other employes assigned to his bureau; and he was charged with the prompt execution and enforcement of all the laws regulating the storage, sale, handling, and transportation of combustibles and explosive material, as well as the laws and ordinances enacted for the prevention of fires. His duties were thus of an exceedingly important character. The charge against Mr. Seery was that he issued permits for the sale of fireworks in violation of the rules of the board. These rules provide that no permit shall be issued for a building in which any person other than the applicant, or his family, resides, and, further, that no permit shall be issued for any frame or wooden building. It is unquestioned that these rules were repeatedly violated, and the relator defends himself mainly upon the plea that he was not responsible for such violations, for the reason , that he invariably acted upon the reports of surveyors who were appointed and removed by the commissioners themselves and, not by him. He thus seeks to bring his case within the rule laid down in People v. Campbell, 82 N. Y. 249. The distinction between the cases is, however, plain. Mr. Seery was held responsible for his own negligence, not that of the surveyors. His negligence consisted in accepting from these surveyors reports of the most meager and insufficient character. It consisted, too, in not observing that very many of the houses thus *638 favorably reported were probably occupied by persons other than the applicants or their families. -He repeatedly allowed permits to be issued upon reports which contained no special information upon this head. The fact that many of these buildings were tenement houses. The relator thus suffered the rules of the board to be violated. He was directly responsible for the conduct of his bureau, and yet he acted as though his function in the matters in question was purely formal. He seemed to think that his responsibility was confined to the acceptance without question of the surveyors’ conclusions. The least diligence must have obviated the difficulty. There is nothing in the case, therefore, to warrant the ■ court in disturbing the conclusion of the commissioners. With the punishment awarded, we have nothing to do. The commissioners were the sole judges upon that head. If they deemed it wisest to intrust the inauguration of a better system to more efficient hands, that was within their province. Mr. Seery was not removed for dishonesty, nor was there a suggestion made against his integrity. But he had" for -years permitted-a lax system to prevail in the bureau, and it was nof unnatural that the commissioners, in eradicating the system,' should remove the person who was, in the 'fnain, responsible for it.
The writ should be dismissed, and the action of the board of fire commissioners affirmed, but without costs.
All concur.